UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MARY J. FOSTER,

    Plaintiff,

vs.                                                     Case No. 3:08-cv-960-J-12

MICHAEL J. ASTRUE, Commissioner of
Social Security,

    Defendant.

## ORDER

**THIS CAUSE** is before the Court on Plaintiff's Petition for Attorney Fees Under the Equal Access to Justice Act ("Petition")(Doc. 32), filed March 11, 2010. As of the date of this Order, the Commissioner has filed no response to the Petition or objection to the amount sought by Plaintiff's counsel. Plaintiff's Petition follows the entry of a Judgment reversing and remanding the decision of the ALJ in Plaintiff's favor with respect to Plaintiff's claim for benefits. See Docs. 30 and 31.

**A. Eligibility for Award of Fees**

Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412, a party may recover an award of attorney's fees against the government provided the party meets five requirements: (1) the party seeking the award is the prevailing party; (2) the application for such fees, including an itemized justification for the amount sought, is timely filed; (3) the claimant has a net worth of less than $2 million at the time the Complaint was filed; (4) the position of the government was not substantially justified;

and (5) there are no special circumstances which would make an award unjust. See 28 U.S.C. § 2412(d)(1) and (2).

1. Prevailing Party

The Judgment in this case (Doc. 31), filed on December 11, 2009, reversed the final decision of the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and remanded the case for further consideration. The Supreme Court has made clear that a plaintiff obtaining a sentence-four remand is a prevailing party. Shalala v. Schaefer, 509 U.S. 292, 300-02, 113 S.Ct. 2625, 2631-32 (1993). Accordingly, Plaintiff is the prevailing party in this case.

2. Timely Application

A plaintiff must file an application for fees and other expenses within thirty days of the "final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). "Final Judgment" is defined as a judgment that "is final and not appealable." 28 U.S.C. § 2412(d)(2)(G). Because the Commissioner normally has sixty days in which to appeal, a judgment typically becomes final after sixty days. Fed. R. App. P. 4(a)(1)(B). The plaintiff then has thirty days in which to file his or her application so that an application is timely filed if done so prior to ninety days after the judgment is entered. See Shalala, 509 U.S. at 297-98, 113 S.Ct. at 2629; Jackson v. Chater, 99 F.3d 1086, 1095 n. 4 (11th Cir. 1996). In this case, the judgment (Doc. 31) was entered on December 11, 2009, and the Petition was filed on March 11, 2010. The Court finds the Petition was timely filed.

3. Claimant's Net Worth

Plaintiff's counsel represents Plaintiff's net worth did not exceed $2 million at the time the Complaint was filed nor does it currently exceed that amount. See Doc. 32 at

p.1, and Docs. 2, 3, and 5 (relating to Plaintiff's application to proceed in forma pauperis). The Court finds Plaintiff's net worth was less than $2 million at the time the Complaint was filed.

### 4. Government's Position Not Substantially Justified

The burden of proving substantial justification is on the Commissioner, who must demonstrate the substantial justification of his position as a whole. See United States v. Jones, 125 F.3d 1418, 1420, 1427-31 (11th Cir. 1997). Therefore, unless the Commissioner comes forth and satisfies his burden, the government's position will be deemed not substantially justified. In not responding to the Petition, the Commissioner has not disputed the issue of substantial justification, and accordingly, the Court finds his position was not substantially justified.

### 5. No Special Circumstances

The Court finds no special circumstances indicating an award of fees would be unjust.

## B. Amount of Fees

Having determined Plaintiff is eligible for an award of fees under EAJA, the Court now addresses the reasonableness of the amount of fees sought. Plaintiff requests an award of $3,705.52 in attorney's fees, representing 21.5 total hours, which represents 3.4 attorney hours in 2008 at $172.88 per hour ($587.79) and 18.1 attorney hours in 2009 at $172.25 per hour ($3,117.73). Doc. 32 at p. 4.

The amount of attorney's fees to be awarded "shall be based upon the prevailing market rates for the kind and quality of the service furnished," except that attorney's fees shall not exceed $125 per hour unless the Court determines an increase in the

cost of living or a "special factor" justifies a higher fee award. 28 U.S.C. §2412(d)(2)(A). The Court accepts Plaintiff's contention that a statutory cost of living adjustment is appropriate to the hourly rate. Because the Commissioner has not opposed Plaintiff's proposed hourly rates, the Court will adopt these rates. The awarded fee may not exceed twenty-five percent of the claimant's past due benefits. 42 U.S.C. §406(b)(1). There is no contention or indication that the claimed fee would exceed that amount.

The Plaintiff seeks an award based on 21.5 hours of attorney time. The Court finds 21.5 hours of attorney time is reasonable in this case. Therefore, the Court finds $3,705.52 is a reasonable fee in this case.

### C. Payment of Fees Directly to Counsel

The Plaintiff requests, and the Commissioner has not opposed, that the attorney's fees be paid directly to Plaintiff's counsel. In Reeves v. Astrue, the Eleventh Circuit instructed that the unambiguous text of the EAJA requires that "attorney's fees are awarded to the prevailing party, not the prevailing party's attorney." 526 F.3d 732, 738 (11th Cir. 2008). In Reeves, the question before the Court was whether an award of attorney's fees belongs to the party or the party's counsel. Here, Plaintiff has executed an Assignment of EAJA Fees assigning any fees awarded Plaintiff pursuant to EAJA to his attorney. Doc. 32-5. Because this Court does not interpret Reeves as preventing an assignment of the fees, the Court finds the fees in this case may be made payable directly to Plaintiff's counsel.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED:**

1. That Plaintiff's Petition for Attorney Fees Under the Equal Access to

Justice Act (Doc. 32) is **GRANTED**;

2. That the Clerk shall enter judgment in favor of Plaintiff and against Defendant in the amount of $3,705.52 for attorney's fees; and

3. That request that these fees be paid directly to Plaintiff's counsel, Heather Freeman, Esq., is **GRANTED**.

**DONE AND ORDERED** this 7th day of April 2010.

*Howell W. Melton*
Senior United States District Judge

Counsel of Record