# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

MARY J. FOSTER,

        Plaintiff,

vs.                              Case No. 3:08-cv-960-J-12JRK

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.
_____/

## **REPORT AND RECOMMENDATION**[1]

This cause is before the Court on the Petition for Authorization of Attorney Fee Pursuant to the Social Security Act (Doc. No. 42; "Petition"), filed November 15, 2011. In the Petition, Plaintiff's counsel seeks an award of $22,043.50 for 21.5 hours spent representing Plaintiff before this Court pursuant to 42 U.S.C. § 406(b).[2] Petition at 1, 3. The Commissioner does not oppose the relief requested. See Defendant's Response to Plaintiff's Motion for Attorney's Fees Under 42 U.S.C. § 406(b) (Doc. No. 44), filed December 1, 2011.

Section 406(b)(1)(A) states in pertinent part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

---

[1] Specific, written objections may be filed in accordance with 28 U.S.C. § 636 and Rule 6.02, Local Rules, United States District Court, Middle District of Florida, within fourteen (14) days after service of this document. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual allegations on appeal.

[2] Plaintiff's counsel refers to the $22,043.50 as the gross amount. Petition at 1. That amount includes the fees already awarded pursuant to the Equal Access to Justice Act ("EAJA"), which is further discussed herein.

42 U.S.C. § 406(b)(1)(A). The twenty-five percent ceiling was meant "to protect claimants against 'inordinately large fees' and also to ensure that attorneys representing successful claimants would not risk 'nonpayment of [appropriate] fees.'" Gisbrecht v. Barnhart, 535 U.S. 789, 805 (2002) (citations omitted). "[Section] 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results . . . ." Id. at 807. To determine the reasonableness of fee agreements, the court considers the agreement itself, in addition to the character and quality of the representation and the results achieved. See Gisbrecht, 535 U.S. at 805; see also Moore v. Astrue, Case No. 3:00-cv-571-J-32, 2010 WL 1417629, at *1 (M.D. Fla. Apr. 8, 2010) (unpublished).

Upon review of the fee agreement, see Doc. No. 42-1, at 1-2, and considering the quality of the representation and the results achieved, the undersigned finds the amount requested to be reasonable, see Ramer v. Astrue, Case No. 3:08-cv-484-J-TEM, 2011 WL 2457704, at *3 (M.D. Fla. June 17, 2011) (finding reasonable an award of $15,001.25 for 18.45 hours pursuant to § 406(b)); Moore, 2010 WL 1417629, at *2 (finding reasonable an award of $16,403.88 for 19.5 hours pursuant to § 406(b)).

Plaintiff's counsel has already recovered $3,705.52 pursuant to the EAJA in this matter. To prevent "double-dipping," Plaintiff's counsel could either refund the EAJA fees to Plaintiff upon receipt of the § 406(b) fees or that amount could be deducted from Plaintiff's counsel's recovery of the § 406(b) fees. See Jackson v. Comm'r of Soc. Sec., 601 F.3d 1268, 1271-72 (11th Cir. 2010). Plaintiff's counsel requests and the undersigned agrees that it is preferable to deduct the amount of EAJA fees from Plaintiff's counsel's recovery pursuant to § 406(b).

-2-

After due consideration, it is

**RECOMMENDED:**

1. That the Petition for Authorization of Attorney Fee Pursuant to the Social Security Act (Doc. No. 42) is **GRANTED**.

2. That Plaintiff's counsel, Heather Freeman, be awarded $18,337.98 pursuant to 42 U.S.C. § 406(b), which shall be paid from the past-due benefits awarded to Plaintiff. The Commissioner shall now pay Ms. Freeman the sum of $18,337.98 from the past-due benefits withheld. The remainder of the withheld past-due benefits shall be paid directly to Plaintiff.

3. That the Clerk of the Court is directed to enter judgment accordingly and close the file.

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on December 15, 2011.

*/s/ James R. Klindt*
**JAMES R. KLINDT**
United States Magistrate Judge

jld
Copies to:
Counsel of Record